FILED
APR 18 2005
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| BROIN AND ASSOCIATES, INC., | * | CIV. 04-4202 |
|  | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * | OPINION |
| -vs- | * | AND ORDER |
|  | * |  |
| GENENCOR INTERNATIONAL, INC., | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are Genencor's Objections to Broin's Interrogatories (Doc. 88) and Genencor's

Objections to Broin's Identification of Trade Secrets (Doc. 87). Genencor objects to Broin's

interrogatories 1 and 11, and to requests for production 2 and 13.

Genencor's Claims. Genencor urges interrogatory 1 and request for production 2 are not

relevant to claims or defenses now before the court, although they might become relevant later (Doc.

88, p. 2). Genencor urges interrogatory 11 and request for production 13 improperly invade its

attorney/client relationship and seek work product information (Id., p. 2-3). Finally, Genencor urges

a presumptive cut-off date of November 4, 2004, should be established regarding Broin's discovery.

Because Broin's international patent application was published on September 23, 2004, and

because Broin issued a press release about the cold starch processing method on November 4, 2004,

Genencor urges November 4, 2004, is an appropriate cut-off date (Id. p. 8). Genencor argues it

cannot be liable for misappropriation of Broin's trade secrets after Broin published the trade secrets

in the public domain. Discovery after September 23, therefore, is not relevant. The suggested

November 4 cut-off is generous because it allows an extra cushion of time after September 23.

Genencor posits its current commercial activities regarding cold starch processing are both highly sensitive and of great interest to its competitor Broin (Id. pp. 3& 7).

Broin's interrogatory 1 and request for production 2 seek post-September 23, 2004, information. Genencor urges any information disclosed in Broin's patent publication became public knowledge and cannot be protected as a trade secret (Id. p. 8). Post-September 23, 2004 information, therefore, is neither relevant nor likely to lead to the discovery of evidence which is. Broin's interrogatory 11 commands identification of all persons who prepared, assisted, or provided information for the answers to Broin's interrogatories. Genencor urges the interrogatory invades the work product of its counsel and requires it to disclose information beyond that which is required by Rule 26. Genencor represents that its "substantive discovery responses will be verified to the extent required by the Federal Rules of Procedure" (Id., p. 10).

Broin's request 13 is for all documents relied on to answer the interrogatories. Genencor urges the scope of the request includes disclosure of counsels' opinions and mental impressions as to which documents should be relied upon to answer the interrogatories (Id.).

Genencor urges Broin's identification of trade secrets it claims to have been misappropriated is "so plagued with redundancy and surplusage that it defeats the very purpose of requiring a list in the first place" (Doc. 87, p. 2). Genencor provides examples of redundancy and difficult to understand trade secret descriptions.

Broin's Claims. Broin urges the denial of all Genencor objections to discovery (Doc. 91, p. 2). Broin also urges indexing of non-disclosed documents (Id.). The facts demonstrate that Genencor's conduct after November 4, 2004, is relevant (Id., p. 3). "Broin does not know when Genencor first began improperly sharing Broin's confidential information with ICM (and perhaps

2

others), but believes that Genencor continued to reveal Broin's trade secrets after November 4, 2004" (Id., p. 5). Broin, therefore, needs discovery after November 4 (Id.). Many trade secrets were not contained within the patent application (Id. p. 6). For example, certain engineering trade secrets were not included (Id. p. 7). The press release was generic (Id.). The point made by Broin is that not all of its trade secrets involved in this litigation were placed into the public domain by the September 23 patent publication and the November 4 press release. Broin also urges even if all of the shared trade secrets were included within the patent publication and press release, Broin would still be entitled to discovery about Genencor's post publication conduct so it can learn about Genencor's presumed unlawful head start from its use of Broin's misappropriated trade secrets (Id., p. 8). "If discovery shows that Genencor continued to do business as usual after the patent application became public, these facts indicate that Genencor used the confidential information Broin gave them in secret rather than the information contained in the patent application" (Id.). Genencor would be able to keep smoking gun documents created after November 4 to itself if their objection is accepted (Id., p. 11).

Regarding work product, "Broin is not seeking opposing counsel's mental impressions, opinions, or theories and does not want Genencor to identify the lawyers and legal staff involved in preparing the responses" (Id., p. 12). "Broin agrees that Genencor should not be required to produce its attorneys' notes or other tangible work product" (Id., p. 13). Broin points to Genencor's responses that it would produce non-privileged documents responsive to the request, accepts Genencor's position, and urges Genencor should provide an index to withheld documents (Id.).

Broin urges the issue regarding their trade secret identification is whether Genencor can understand sufficiently to formulate its defenses and respond to discovery (Doc. 90, p. 2). Broin's

list of trade secrets is organized by technology and business categories, summarized by a chart in its brief (Id. p. 5). Broin explains the reasons for repetition, i.e., some of the 198 items fall into more than one category of trade secret (Id., p. 6).

## ANALYSIS

The issues boil down to Broin's list of trade secrets, whether Genencor's post publication conduct is relevant or could produce evidence which is, and whether there should be an index of withheld documents. The parties agree, as they must, Genencor is not obligated to provide work product and that Genencor is not obligated to provide information beyond that required by the Federal Rules of Civil Procedure. The parties did not mention the following example, but an example of information which would be beyond that which is required by the rules of procedure is disclosure of a non-testifying expert who might have assisted with the discovery responses.

Complicating resolution of the issues, not surprisingly, is that Broin and Genencor are competitors in the market place. Each probably has an interest which is other than altruistic in learning what it can during this litigation about the other's process, research, and development. Each also has a legitimate interest in vigorously advancing its interest in this litigation. While the court understands there are interests which could be indirectly impacted by the litigation, the job of the court is to act within the bounds of the pending case. To the extent interests other than those genuinely indigenous to this litigation are impacted, an attempt can be made to accommodate the parties. But, where the fire cannot be contained, neither can the smoke. Both Genencor and Broin, of course, may designate appropriate documents "for attorneys eyes only" or "confidential" pursuant to the Protective Order previously entered (Doc. 82).

4

Broin's List of Trade Secrets. Number one of "The Top Ten Issues in Trade Secret Law"
is the definition. 70 Temple Law Review 1181 (1997). The author recognizes what the court did
in this litigation, i.e. the plaintiff needs to define what he is talking about (Id. 1182). While it might
be easy to define the trade secret if it is a formula or algorithm, it might be an impossible burden if
the trade secret is a process or a body of research and development (Id.) Putting that into words
could take months and reams of paper (Id.).

A trade secret is any information that can be used in the operation of a business that is
sufficiently valuable and secret to afford an actual or potential economic advantage over others.
Restatement of the Law Third, Unfair Competition, p.425, § 39. When it comes down to the actual
application of what qualifies as a trade secret, the only time it is defined is in the litigation itself.
("Top Ten Issues" at 1182). By definition, the plaintiff defines its own claims, i.e. Broin defines its
own trade secrets. Since a process and a body of research and development are at issue, perhaps
defining the claimed trade secrets is not an easy task. Nonetheless, Broin carries the risks associated
with its definition. On the one hand a failure to be inclusive enough could cause a failure to prevail
in the litigation on valid trade secrets. On the other hand including too much could render the
claimed trade secrets unintelligible. Genencor's argument that Broin's list of trade secrets is "so
plagued with redundancy and surplusage that it defeats the very purpose of requiring a list in the first
place" has not fallen on deaf ears. Nonetheless, the definition belongs to Broin, as do the risks
associated with its definition. Genencor asserts that some or many of Broin's list of trade secrets are
not trade secrets at all. Whether they are is not the subject of this opinion. Broin can challenge them
as not being trade secrets in a different motion. The objection to Broin's list of trade secrets is
DENIED (Doc. 87).

Interrogatories and Requests for Production. Regarding interrogatory 11 and request for
production 13, Genencor has indicated it will answer without disclosing work product and without

providing information it is not required to disclose under the Rules of Civil Procedure. Broin agrees that is appropriate. Genencor's objection to disclosure of work product, privileged information, or information which is not required to be disclosed by Rule 26 is GRANTED (Doc. 88). Genencor's objections are DENIED as to matters not falling within any of the described categories (Doc. 88).

Regarding interrogatory 1 and request for production 2, Broin has represented there are, and provided an example of, trade secrets it claims Genencor misappropriated, but which were not included within Broin's patent application. Those trade secrets, presumably, are not in the public domain. Even assuming all of the claimed trade secrets were placed into the public domain on September 23, 2004, so that there could be no misappropriation after September 23 because the trade secrets as of then were in the public domain, conduct of Genencor after September 23, 2004, could tend to prove misappropriation of trade secrets which occurred before September 23. Broin's argument it needs discovery about trade secret disclosure which occurred after September 23, 2004, is not persuasive as to trade secrets which were included within the patent publication on that date. (Lest the previous sentence by misunderstood, a distinction is drawn between post September 23 conduct of Genencor and "after the secret is out" disclosure by Genencor. Post September 23 conduct is relevant. Post September 23 disclosure of a trade secret is a non sequitur.) Nonetheless, Genencor's objection to responding to questions about facts post dating September 23, 2004, is DENIED because its conduct after September 23, 2004, might tend to prove misappropriation of trade secrets which occurred before then.

Indexing. Plaintiff's suggestion that defendant should index documents not produced is GRANTED IN PART and DENIED IN PART (Doc. 91, p. 2). Genencor shall comply with Federal Rule of Civil Procedure 26(b)(5). The motion is denied in part because there are matters which are not discoverable which are not covered by the work product doctrine or privilege, e.g. non-testifying experts.

Now, therefore, it is

ORDERED that defendant's objections to plaintiff's list of trade secrets is DENIED.  It is

FURTHER ORDERED that defendant's objections to interrogatories 1 and 11 and requests

for production 2 and 13 are GRANTED IN PART and DENIED IN PART as follows:  Genencor's

objection to disclosure of work product, privileged information, or information which is not required

to be disclosed by Rule 26 is GRANTED (Doc. 88).  Genencor's objections are DENIED as to

matters not falling within any of the described categories (Doc. 88).  It is

FURTHER ORDERED that Broin's motion (Doc. 91, p. 2) to require Genencor to index

withheld documents is GRANTED IN PART and DENIED IN PART.  Genencor shall, as it must,

comply with F.R.Civ.P. 26(b)(5).

Dated this _18th_ day of April, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By _Shelly Margulies_
(SEAL)

7