**FILED**

UNITED STATES DISTRICT COURT

JUL 2 6 2005

DISTRICT OF SOUTH DAKOTA


CLERK

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| BROIN AND ASSOCIATES, INC.., | * | CIV 04-4202 |
|  | * |  |
| Plaintiff, | * |  |
| vs. | * |  |
|  | * | MEMORANDUM OPINION |
| GENENCOR INTERNATIONAL, INC., | * | AND ORDER |
|  | * |  |
| Defendant. | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Genencor International, Inc., filed a Motion to Dismiss and Motion for a More Definite Statement, Doc. 54. The motion has been fully briefed and will be decided based upon the written record. Defendant's Motion to Dismiss as to Counts III through VIII will be denied in part and granted in part as explained below. Defendant's Motion for a More Definite Statement will be denied for reasons set forth below.

## BACKGROUND

Plaintiff, Broin and Associates, Inc., develops, designs, engineers and constructs technologically-advanced ethanol production facilities. Defendant is in the business of producing and selling enzymes used in the ethanol production process. The parties entered into Non-Disclosure Agreements that required both parties to protect any confidential information exchanged between the two companies. Some of the confidential information covered by the agreements was described as Broin's "business, strategic, and proprietary manufacturing protocols, lab projects and studies, transactions and technology, including but not limited to enzymes and processes relating to current and new technologies." (Amended Compl., Doc. 15, ¶ 5.) Asserting that it relied on the Non-Disclosure Agreements, Plaintiff alleges it provided Defendant with confidential data regarding ethanol production yields and information concerning certain processes for making ethanol, including Broin's raw starch hydroloysis process and its high gravity process. The confidential information allegedly included data relating to the commercial viability of certain of these processes

and technical information about improvements in the process, which Defendant was allegedly not aware of until Plaintiff's disclosure.

After receiving the confidential information, Defendant allegedly began unauthorized efforts to develop and market products and processes directly related to the processes that were the subject of the confidential information disclosed by Plaintiff. All of the claims in the Amended Complaint are based upon Defendant's alleged improper use of the confidential information disclosed by Plaintiff to Defendant, and Defendant's alleged improper profiting from using that information.

On March 10, 2003, Plaintiff applied for a United States Patent regarding the processes and technology disclosed to Defendant. It was published internationally on September 23, 2004 and in the United States on November 25, 2004. A press release was issued by Plaintiff on November 4, 2004, announcing its "new patent pending technology for ethanol production that eliminates a costly energy consuming cooking step in the process," and expressing Plaintiff's intent "to license this technology to the ethanol industry worldwide." (Amended Compl., Doc. 15, Ex. A.)

In a December 2004 magazine article, Defendant is described as collaborating with ICM, Inc. and Fagen Inc., related to recent successes in raw starch hydrolysis. (Amended Compl., Doc. 15, Ex. B.) The article cites to improvements of the process that Plaintiff alleges are directly related to the confidential information disclosed by Plaintiff to Defendant.

Plaintiff filed this diversity action on December 15, 2004, asserting three causes of action: misappropriation of trade secrets, breach of contract and unjust enrichment. Before the complaint was served, Plaintiff filed an Amended Complaint, asserting misappropriation of trade secrets, breach of express contract, breach of implied agreement of confidentiality, tortious interference with business expectancy, conversion, deceit, fraud, and unjust enrichment. In its motion to dismiss, Defendant contends that Counts III (Breach of Implied Agreement of Confidentiality), IV (tortious interference with business expectancy), V (conversion), VI (deceit), VII (fraud) and VIII (unjust enrichment), should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because these claims are preempted by the South Dakota Uniform Trade Secrets Act ("Trade Secrets Act"),

2

SDCL § 37-29-1 *et seq.* Defendant provides additional independent reasons why the causes of action should be dismissed and requests a more definite statement of Count II (breach of express contract) and Count III (breach of implied agreement of confidentiality).

In response to Defendant's motion, Plaintiff raises the issue of which state's law applies in this action. Plaintiff believes it is too soon in this litigation to decide which state's law should be applied because it asserts discovery must be conducted to determine which state has the most significant relationship to this action. Defendant contends the Court can decide the conflict of laws issue on a motion to dismiss, and it asserts that South Dakota law applies in this case.

## DISCUSSION

In considering a motion to dismiss, the Court must assume all facts alleged in the complaint are true, *see Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994), and the complaint is to be viewed in the light most favorable to the non-moving party, *see Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). "A motion to dismiss should be granted as a practical matter...only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations and quotation marks omitted).

### 1. Motion to Dismiss Counts III through VIII

Defendant alleges that Counts III through VIII of the Amended Complaint are displaced by the South Dakota Uniform Trade Secrets Act and therefore should be dismissed. In its response to the Motion to Dismiss, Plaintiff argues that the causes of action cannot be dismissed because it is not clear whether South Dakota law should be applied to this controversy. Plaintiff suggests that New York law might apply because of the choice of law provision in the Non-Disclosure Agreement, and that California law might apply due to Defendant's activity there. (*See* Plaintiff's Brief in Opposition to Motion to Dismiss and Motion for a More Definite Statement, Doc. 54, at 5-6.) Plaintiff also asserts that determining which state law should be applied will affect whether or not the causes of action are displaced because New York does not have the same displacement provision that is contained in the South Dakota Uniform Trade Secrets Act. Thus, whether or not the causes of action are displaced could depend upon which state law is applied.

Before addressing whether or not the causes of action would be displaced under South Dakota law, the Court must first determine whether South Dakota law should be applied. In order for Defendant to be successful on its Rule 12(b)(6) motion, two things must be established. First, the Court must be able to determine that South Dakota law should be applied, and second, the Court must be able to determine that under South Dakota law the causes of action are displaced and therefore should be dismissed.

When confronted with a conflict of laws issue in a diversity action, a federal district court must apply the conflict of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). South Dakota has adopted the Restatement (Second) on Conflict of Laws (hereinafter "Restatement"). *See Stockmen's Livestock Exch. v. Thompson*, 520 N.W.2d 255, 257 (1994); *Chambers v. Dakotah Charter, Inc.*, 488 N.W.2d 63, 67 (1992). Section 187 of the Restatement is applicable in this case because the parties' Non-Disclosure Agreement contained a choice of law provision. *(See* Compl., Doc. 1, Ex. A, at 3 ("This Agreement is made under and shall be construed according to the laws of the State of New York").) Restatement Section 187 states:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of §188, would be the state of the applicable law in the absence of an effective choice of law by the parties.
>
> ....

4

Restatement (Second) of Conflict of Laws §187 (1971). Thus, under Restatement Section 187, the parties' choice of law should be applied unless the Defendant can establish that neither party has a substantial relationship to the chosen state, the transaction does not have a substantial relationship to the chosen state, and that there is no other reasonable basis for the parties' choice. *Id.*

Defendant has not alleged any factual information related to the existence or nonexistence of its relationship to New York, Plaintiff's relationship to New York, or the transaction's relationship to New York. Plaintiff has alleged that Defendant has a "principal office" in Rochester, New York and that discovery will uncover that some of Defendant's allegedly unlawful conduct occurred in New York. On a motion to dismiss the Court must assume the non-moving party's allegations are true. Therefore, this Court must assume Plaintiff's allegations, which suggest that the parties have a reasonable relationship to New York, are true. Furthermore, even if neither party has a substantial relationship to New York and the transaction does not have a substantial relationship to New York, there may be potential bases upon which the parties could have reasonably chosen New York law to apply. In such case the Restatement would require this Court to apply New York law. As a result, Defendant has not met its burden of persuading the Court that there is no set of facts by which Plaintiff could successfully argue that New York law should be applied. Therefore, the Court cannot grant Defendant's motion to dismiss because the Court cannot conclude that South Dakota law should be applied. Accordingly, the Court never reaches the question of whether the causes of action are displaced under South Dakota law. Assuming New York law applies, the causes of action will not be dismissed at this point because there are no assertions by Defendant that the causes of action would be displaced under the law of New York.

Defendant has argued that all of the causes of action brought by Plaintiff may not be governed by the choice of law provision in the Non-Disclosure Agreements. However, the extent to which a choice of law provision should be applied to causes of action not arising out of the parties' contract cannot be decided upon this motion to dismiss. Before making such a decision the Court must decide matters of fact that have not been adequately presented at this point in the litigation. Even if the Court decided that the parties' choice of law provision did not apply to all the causes of action presented by Plaintiff, the Court does not have enough factual information to apply

5

the most significant relationship test in order to determine which state law should be applied. *See Burhenn v. Dennis Supply Co.,* 685 N.W.2d 778, 784 (S.D. 2004) (applying the most significant relationship test to determine a choice of law issue where there is no contract provision specifying a choice of law). Therefore, Defendant's motion to dismiss Counts III through VIII of the Amended Complaint is denied.

### 2. Motion to Dismiss Count III (Breach of Implied Agreement of Confidentiality)

In addition to the argument that Count III (breach of implied agreement of confidentiality) should be dismissed due to its displacement under South Dakota law, Defendant argues that Count III should be dismissed for two additional reasons. First, relief from a breach of an implied agreement of confidentiality is barred by the Statute of Frauds. Second, the parties' conduct was governed by an express agreement, namely the Non-Disclosure Agreement(s), and therefore there can be no implied agreement between the parties. Plaintiff responds by arguing that the statute of frauds is an affirmative defense and therefore it cannot be raised to dismiss the cause of action. Plaintiff also argues that it is entitled, under Rule 8(a), to plead breach of express contract and, alternatively, breach of implied warranty of confidentiality.

Defendant points to case law in Minnesota, as well as case law by the Fifth, Tenth, and Eleventh Federal Circuit Courts of Appeal, all of which hold that a breach of implied agreement claim is barred by the Statute of Frauds if the agreement was not to be performed within one year. Nevertheless, it is too early to dismiss Count III since the Statute of Frauds is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Additionally, discovery will likely bring facts to the Court's attention which will indicate the terms and length of the alleged implied agreement. It follows that the motion cannot be dismissed since there could be a set of facts in which Plaintiff is entitled to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Furthermore, at this stage of the litigation, Plaintiff is entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(a). Therefore, the fact that there were express agreements between Plaintiff and Defendant does not eliminate Plaintiff's ability to plead

breach of an implied agreement of confidentiality. Defendant's Motion to Dismiss Count III is denied.

### 3. **Motion to Dismiss Counts VI and VII (Deceit and Fraud)**

Defendant argues that Count VI and VII (deceit and fraud) should be dismissed due to Plaintiff's alleged failure to comply with the particularity requirement of Rule 9(b). Federal Rule of Civil Procedure 9(b) states, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See* Fed. R. Civ. P. 9(b). Rule 9(b) must be applied in conjunction with the general pleading requirements of the Federal Rules. *See Abels v. Farmers Commodities Co.*, 259 F.3d 910, 920 (8th Cir. 2001). Furthermore, this Court has said that "[a] plaintiff 'need not plead fraud with complete insight before discovery is complete.'" *Northwestern Pub. Serv. v. Union Carbide Co.*, 115 F.Supp.2d 1164, 1171 (D.S.D. 2000) (quoting *Gunderson v. ADM Investor Serv., Inc.*, 2000 WL 1154423 at *3 (8th Cir. Aug.16, 2000) (unpublished opinion)). This Court has also said that when determining whether a pleading is sufficient a court must determine whether there was adequate notice to the adverse party in order to enable the adverse party to respond. *Id.*

However, Rule 9(b) does require more specificity when pleading fraud than for pleading other causes of action. *Abels*, at 920. When alleging a claim of fraud a plaintiff must specify "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id.* (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982). As Plaintiff's allegation of fraud and deceit do not include the details required by Rule 9(b) and the Eighth Circuit, namely the time, place, or identity of the person committing the fraud, Counts VI (Deceit) and VII (Fraud) of the Amended Complaint are dismissed without prejudice to Plaintiff's right to amend. (*See* Amended Compl., Doc. 15, at ¶¶ 51-52 ("Pursuant to the NDAs and its dealing with Broin, Genencor represented that it would not use or disclose Broin's confidential information, knowledge, technology, data or trade secrets. Upon information and belief, on one or more occasion, Genencor knowingly or recklessly made that

representation with the intent to deceive Broin and to induce it into disclosing confidential information, knowledge, technology, data, and trade secrets to Genencor").)

## 4. Motion for More Definite Statement of Count II and III (Breach of Express Contract, Breach of Implied Agreement of Confidentiality)

Defendant alleges that Plaintiff's pleading of Count II (breach of express contract) and Count III (breach of implied agreement of confidentiality) are not precise enough to allow Defendant to respond to Plaintiff's allegations. Federal Rule of Civil Procedure allows a party to move for a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *See* Fed. R. Civ. P. 12(e). While such a motion is permissible under the Rules, "[m]otions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citing *Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 355 (D.Kan. 1993)). A Rule 12(e) motion must be balanced with the requirement in Rule 8(a) that the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F.Supp. 713, 726 (N.D. Ill. 1995); Fed. R. Civ. P. 8(a).

Though Plaintiff has not alleged exactly which Non-Disclosure Agreements were breached by Defendant, the pleadings have provided Defendant with reasonable notice of the conduct being alleged. Furthermore, it is presumed that the Non-Disclosure Agreements between the parties contain the same provisions but are each applied to a different time period. Thus, Defendant's Motion for a More Definite Statement of Count II (Breach of Express Contract) and Count III (Breach of Implied Agreement of Confidentiality) is denied. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Dismiss, Doc. 54, is denied as to Counts III, IV, V, and VIII of the Amended Complaint and is granted without prejudice to Plaintiff's right to amend as to Counts VI and VII.

8

2. That Defendant's Motion for More Definite Statement, Doc. 54, is denied.

Dated this ___ day of July, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
            DEPUTY

9